JOHN W. STEDMAN, INSURANCE COMMISSIONER, *vs.* THE
AMERICAN MUTUAL LIFE INSURANCE COMPANY.

By statute the insurance commissioner, on finding that the assets of any life insurance company of this state are less than three-fourths of its liabilities, is to apply to the Superior Court for the appointment of a receiver and the

annulling of its charter. Held to be no answer to.a petition for this purpose that the respondents had, by legislative permission, transferred all their assets to another company, which had assumed all their liabilities, so long as the holders of their policies had not assented to the arrangement.

A petition in equity was reserved for the advice of this court upon a demurrer of the petitioner to the respondents' answer and a demurrer of the respondents to the replication of the petitioner. Held that in these circumstances the counsel for the petitioner should go forward in the argument.

PETITION by the Insurance Commissioner of the state for the appointment of a receiver of the assets of a life insurance company, and for an injunction against its further prosecution of business and an annulling of its charter; brought under the act of 1875, (Session Laws of 1875, p. 12,) to the Superior Court in New Haven County. The respondents filed an answer, to which the petitioner replied and demurred; and the respondents demurred to the replication. Upon these pleadings the case was reserved for the advice of this court. The case is fully stated in the opinion.

Upon the case coming up for argument in this court a question was made as to which party should go forward in the argument, as each party stood upon a demurrer to the other's pleadings. The judges decided that in the circumstances the counsel for the petitioner should go forward.

*S. E. Baldwin,* for the petitioner.

*T. E. Doolittle* and *A. H. Robertson,* for the respondents.

PARDEE, J. In 1847 the respondents were authorized to issue policies of insurance upon lives upon the mutual system, in 1850 to exercise the powers of a trust company, and in 1854 to act as guardian, trustee, or receiver, without giving bonds, when appointed by any court. In 1873 by legislative permission they transferred all of their assets to the American National Life Insurance Company, which last company then assumed all of the liabilities of the first. The transfers of assets included securities of the value of $100,000, theretofore deposited by the respondents, upon requirement of law, with the state treasurer, for the protection of their policy-holders.

A public act, (Session Laws of 1875, chap. 20, page 12,)

provides that if the insurance commissioner shall at any time find that the assets of any life insurance company incorporated by this state are less than three-fourths of its liabilities, he shall ask the court to appoint a receiver and annul its charter; that the court shall appoint a receiver if upon hearing such deficiency shall be found to exist; and that the net present value of the policies, or re-insurance reserve ascertained as now required by law, shall be considered as a liability.

Upon this act the insurance commissioner has brought this petition. In it he alleges, substantially, that on or about September 1st, 1877, he found from examinations and otherwise that the assets of the respondent corporation were less than three-fourths of its liabilities; that this deficiency still continues; that the company has failed to comply with the requirements of law, in this, that it made no such annual report to the insurance commissioner, as is required by law, for the year 1875; and no complete report, such as is required by law, for the year 1876; nor any lawful report, or any report in its own name whatever, during the last three years, to the insurance commissioner; and that, on the 19th day of October, 1877, he notified the company to cease to issue new policies, or pay dividends to stockholders or policy-holders, until the deficiency between its assets and liabilities was made good, and the law complied with; and he asks for the appointment of a receiver, a revocation of the charter, and a temporary injunction against the transaction of business.

To this petition the respondents filed a plea, in which it is alleged, substantially, that before the date of the petition the legislature, with a view of enabling the respondents to re-insure all their policies in the American National Life Insurance Company, and with a design to aid them in effecting such re-insurance, and in the transfer of all their assets to said company, on the 3d day of July, 1867, passed an act authorizing the board of trustees of the American Mutual Life Insurance Company to loan to the individual members of the board the amount required to pay for the capital stock of the American National Life Insurance Company, which should be subscribed for by such individual members; and that before

that time, to wit, in May, 1866, the legislature had incorpo-
rated the American National Life Insurance Company with a
view to its taking the assets and assuming the liabilities and
business of the American Mutual Life Insurance Company,
its corporators being the trustees of the latter company, and
that in 1871 an act was passed by the General Assembly
changing the name of the American National Life Insurance
Company to that of the American National Life & Trust
Company, and for the express purpose of authorizing the state
treasurer to surrender to the American National Life & Trust
Company the securities belonging to the American Mutual
Life Insurance Company, to the amount of $100,000, being
the amount deposited with the state treasurer by the last
named company in accordance with the law, whenever the
American National Life & Trust Company had deposited with
the treasurer a like amount of securities, so that, in the lan-
guage of the act, "the liabilities of the American Mutual Life
Insurance Company may be assumed by the American
National Life & Trust Company, as may be provided between
said companies;" and that afterwards, on the 15th of April,
1873, the respondents, in consideration of the assumption of
their entire liabilities by the latter company, transferred to
that company their entire assets, the transfer to take effect on
the first day of January, 1873, and the state treasurer sur-
rendered to that company all of the securities of the respond-
ents in his possession; and that the insurance commissioner
on the 18th of April, 1873, as by law required, made an
examination of the condition of the American National Life
& Trust Company, and found that it had complied with the
conditions of its charter, and was duly organized, and that
the arrangement with the American Mutual Life Insurance
Company and the respondents had been made in strict com-
pliance with the provisions of law, and that the statement of
the condition of the company filed in his office was correct;
and thereupon, on the 18th day of April, 1873, he issued to
the American National Life & Trust Company a license,
authorizing it to issue policies and transact business, and in
further compliance with his duty reported all the above facts

to the legislature at its May session, 1874; and that the respondents after the assumption of all their liabilities by, and the transfer of their assets to, the American National Life & Trust Company, had done no business whatever, and did not intend to do any, and that there had been from that time a complete non-use of all corporate power, privileges and franchises; and that the legislature at its May session, 1875, recognized and confirmed the transfer of their assets to the American National Life & Trust Company, and the fact that they had ceased business, and that the last named company had assumed all their liabilities.

The petitioner replies substantially that he ought not to be precluded from maintaining his petition by anything contained in the plea, for the reason that, before the date of the transfer therein mentioned, the respondents had issued a large number of policies of insurance upon lives, payment upon which is not to be made until the expiration of those lives respectively; and that many of the insured are living, and many of the policies are now in force. This replication is demurred to by the respondents. The petitioner also demurs to the plea of the respondents.

The replication is sufficient. During many years the respondents exercised the franchise conferred upon them and assumed contract obligations to many policy-holders, some of which were in force when, in 1873, they transferred their assets to the American Life & Trust Company, upon the assumption by the latter of their liabilities. And the record does not disclose that individuals holding policies issued by the respondents were parties to this transfer, or that their rights were in any degree affected by it. The allegations in the petition are that there are existing liabilities, that is, that certain holders of policies have done every act and fulfilled every obligation requisite to the preservation of legal claims upon the respondents; and that these greatly exceed their assets; and it is not an answer to say that another corporation has promised to protect the respondents from these liabilities; the value of the guaranty remains wholly undetermined. There is then a life insurance company in possession

of a franchise having liabilities in excess of assets. Herein are the requisite conditions for the operation of the statute, and the court is not excused from obedience to it by the allegation in the plea as to the want of assets. There must be an enquiry as to the truth of the averments in the petition.

We hold the replication to be sufficient, and the plea demurred to insufficient.

In this opinion the other judges concurred.